Minute Order Form (06/97)

# United States District Court, Northern District of Illinois


JSC

| Name of Assigned Judge or Magistrate Judge | Elaine E. Bucklo | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 02 C 2390 | **DATE** | 10/15/2002 |
| **CASE TITLE** | McComick-Coleman vs. U.S.A. | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to] ☐ FRCP4(m) ☐ Local Rule 41.1 ☐ FRCP41(a)(1) ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] Enter Memorandum Opinion and Order denying the petitioner's motion to vacate, set aside, or correct sentence. Any pending motion in this case is terminated as moot.

(11) ■ [For further detail see order attached to the original minute order.]

| | | | | |
|---|---|---|---|---|
| | No notices required, advised in open court. | | 2 US number of notices | **Document Number** |
| | No notices required. | | | |
| ✓ | Notices mailed by judge's staff. | | OCT 16 2002 date docketed | |
| | Notified counsel by telephone. | | | 14 |
| | Docketing to mail notices. | | | |
| ✓ | Mail AO 450 form. | U.S. DISTRICT COURT | docketing deputy initials | |
| | Copy to judge/magistrate judge. | 02 OCT 15 PM 5:59 | 10/15/2002 date mailed notice | |
| MPJ | courtroom deputy's initials | Date/time received in central Clerk's Office | MPJ mailing deputy initials | |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

GINNA McCORMICK-COLEMAN, )
)
        Petitioner, )
)
v. )   No. 02 C 2390
)
UNITED STATES OF AMERICA, )
)
        Respondent. )

## MEMORANDUM OPINION AND ORDER

The petitioner, Ginna McCormick-Coleman, filed a motion under 28 U.S.C. § 2255. She has not shown error and prejudice on the part of her trial counsel sufficient to sustain a claim for ineffective assistance of counsel. Her other claims are procedurally waived. The motion to vacate, set aside, or correct sentence is DENIED.

I.

Ms. McCormick-Coleman befriended Richard Rice in the early 1990s. Rice approached Ms. McCormick-Coleman about starting a business partnership in industrial and asbestos removal supplies. Rice would use his industry contacts to get the supplies and arrange for their delivery, and Ms. McCormick-Coleman would handle the administrative end of the business. Rice and Ms. McCormick-Coleman actually defrauded Rice's employer, Uno-Ven, out of more than a million dollars. Ms. McCormick-Coleman's company, Just Industrial, billed Uno-Ven for goods that were never

delivered. Ms. McCormick-Coleman made hundreds of thousands of dollars from processing paperwork, and she gave half of the income from Uno-Ven to Rice. A jury convicted her of three of the four charges of tax evasion and one count of mail fraud.

Ms. McCormick-Coleman was represented at trial by Gerrardo Guttierez. On the second day of trial, one of the already-impaneled jurors sent a note to me in which he sought to be excused from jury duty because he had a "significant amount of work" to do and had clients depending on him, and that "this may cause [him] to have a bias that would not allow the defendant to have a fair trial." Tr. 5/16/00 at 204. I took this matter up with counsel, and concluded that this was a transparent attempt to get out of jury service. The day before, the juror had stated on the record that he believed he could be fair, though he said that he had negative views about the IRS and that he did not want to serve on such a long trial. Ms. McCormick-Coleman's attorney stated that "[o]n behalf of Ginna McCormick, I would like to keep these jurors." Tr. 5/16/00 at 13.

After the verdict, the same juror indicated that the court security officer ("CSO") assigned to the jury during the trial had made some remarks to him. The juror, who was an accountant, alleged that the CSO told him there were IRS agents in the courtroom who were watching him, and said that he took this as a "veiled threat" that the IRS could ruin him as a CPA. He also claimed that the CSO told him at one point that "99 percent of the time the government

is correct." I held a hearing on this matter, including testimony from both the juror and the CSO. Ms. McCormick-Coleman filed a motion for a new trial on this basis, and I held a second hearing with testimony from another juror. After hearing arguments from counsel, I denied the motion for a new trial, see Minute Order of 11/09/01, and I denied Ms. McCormick-Coleman's motion to reconsider, finding that the juror "did not make any comment supposedly related to him by the CSO to any other juror," and concluding that there was no possibility that any of the alleged comments by the CSO had a reasonable probability of influencing the jury, see Minute Order of 11/21/01.

Prior to sentencing, Ms. McCormick-Coleman's attorney, Mr. Guttierez, filed objections to the presentence investigation report ("PSI") and motions for downward departure. Before the date scheduled for her sentencing in December 2000, however, Ms. McCormick-Coleman filed a *pro se* motion to postpone her sentencing, and then moved to substitute counsel. I appointed Kent Carlson of the Federal Defender's office to represent her, and after several status hearings, he filed supplemental objections to the PSI. In July 2001, a month before her sentencing, Ms. McCormick-Coleman was arrested for a state narcotics offense and her federal bond was revoked.

On August 2, 2001, I sentenced Ms. McCormick-Coleman to 28 months imprisonment, three years of supervised release, and ordered

her to pay $18,740 in restitution. Over the government's objection, I grouped the tax and fraud offenses, which reduced the length of her sentence, but I denied her motion for a downward departure based on extraordinary family circumstances.

Ms. McCormick-Coleman did not appeal her conviction or her sentence. Her co-defendant, John Macchione, appealed but withdrew his appeal when the government filed a cross-appeal on the issue of grouping the tax and fraud counts for sentencing purposes. She brings this motion to vacate her sentence under 28 U.S.C. § 2255, claiming that (1) her Sixth Amendment right to an impartial jury was violated by the impaneling of a biased juror and by the alleged improper contact between the CSO and the jury; (2) her Fifth Amendment right to due process was violated by the "ostrich" instruction, which she claims relieved the government of its burden to prove her knowledge beyond a reasonable doubt; and (3) her Fifth Amendment right to freedom from restraint was violated because the government did not prove certain sentencing factors by clear and convincing evidence. She also claims that (4) she was denied effective assistance of counsel because her counsel (a) failed to object to the impaneling of a biased juror; (b) failed to call important witnesses (including a tax expert, her prior attorney, and her sister); (c) failed to object to the ostrich instruction; (d) failed to fully respond and object to the PSI; and (e) failed to present relevant issues at sentencing.

## II.

A § 2255 petition is not a substitute for a direct appeal. *Fountain v. United States*, 211 F.3d 429, 433 (7th Cir. 2000). Thus claims not raised on direct review are barred from collateral review unless the petitioner can demonstrate cause and prejudice for the failure to raise the claims on direct appeal. *Bond v. United States*, 1 F.3d 631, 634 (7th Cir. 1993). Ms. McCormick-Coleman raises two types of claims: claims based on ineffective assistance of trial counsel (claim 4), and claims that are not based on ineffective assistance of counsel (claims 1 through 3).

An exception to the general rule of procedural default is a claim of ineffective assistance of trial counsel. Such a claim has little chance of success on direct appeal because it usually depends on evidence outside the trial record. *See Guinan v. United States*, 6 F.3d 468, 471 (7th Cir. 1993). Nonetheless, "if a defendant postpones raising the issue of ineffective assistance of counsel until the collateral stage he must have a valid reason for the postponement." *Id.* at 472. The Seventh Circuit has noted three valid reasons: (1) that the defendant was represented by the same counsel at trial and on appeal; (2) that the claim could not be developed with facts outside the trial record; or (3) "that at the time of taking the appeal it had reasonably appeared that new evidence might be necessary, though it has since become apparent

5

that the trial record itself was the only evidence that could be presented in support of the claim." *Id.* So long as at least one of the petitioner's claims meets one of these requirements, he is entitled to wait and bring *all* of his ineffective assistance of trial counsel claims together in one collateral proceeding. *Id.* at 473. Ms. McCormick-Coleman claims that her trial counsel was ineffective and also argues that her separately appointed post-trial counsel was ineffective during sentencing. Because she could not expect her post-trial counsel to raise the issue of his own ineffectiveness, her procedural default for all of her ineffective assistance of counsel claims is excused. *See id.*

To overcome procedural default of her three non-ineffective assistance claims (1 through 3), Ms. McCormick-Coleman must show "both good cause for and actual prejudice resulting from the failure to raise [them]." *Mankarious v. United States*, 282 F.3d 940, 943 (7th Cir. 2002). "To show cause, the petitioner must show that some 'external impediment, whether it be governmental interference or the reasonable unavailability of the factual basis for the claim, must have prevented petitioner from raising the claim.'" *Holleman v. Cotton*, No. 00-3791, 2002 WL 1895341, at *6 (7th Cir. Aug. 19, 2002). Claims 1 through 3 do not depend on any evidence that was unavailable to Ms. McCormick-Coleman at the conclusion of her trial and sentencing, and she does not allege any governmental interference. Nonetheless, "ineffective assistance

6

can constitute sufficient cause for the failure to raise an issue." *Kelly v. United States*, 29 F.3d 1107, 1112 (7th Cir. 1994). Ms. McCormick-Coleman may overcome her procedural default if she demonstrates that her post-trial attorney was ineffective for failing to file a direct appeal.

A petitioner claiming that her counsel was constitutionally ineffective must "demonstrate that h[er] counsel's performance fell below an objective standard of reasonableness," and "that [s]he was prejudiced by the deficient performance." *Hough v. Anderson*, 272 F.3d 878, 890 (7th Cir. 2001) (citing *Strickland v. Washington*, 466 U.S. 668 (1984)). Reasonableness is measured according to prevailing professional norms and under the totality of the circumstances, and "to prevail, the [petitioner] must overcome the presumption that the challenged act or omission might have been considered sound trial strategy." *Id.* at 890-91.

The showing for prejudice to overcome procedural default is essentially the same as the showing required for a substantive ineffective assistance claim, which requires a petitioner to "show that there is a reasonable probability that, but for counsel's errors, the result of the proceedings would have been different." *Id.* at 891. If the petitioner makes an insufficient showing on either prong of the test, I need not consider the other prong. *Id.* at 890.

7

According to the affidavit of Kent Carlson filed by the government, Mr. Carlson advised Ms. McCormick-Coleman that, based on a review of the trial evidence and the post-trial proceedings, her conviction was unlikely to be reversed and her sentence was unlikely to be reduced. Carlson Aff. ¶ 17. Furthermore, he advised her that, if she pursued an appeal, there was a strong possibility that the government would cross-appeal on the issue of grouping the tax and fraud counts under the Sentencing Guidelines, and that she might face an increased sentence on remand. *Id.* Ms. McCormick-Coleman indicated to Mr. Carlson that she agreed with his advice and that she would not file an appeal. To demonstrate ineffective assistance to overcome the failure to raise her claims on direct appeal, Ms. McCormick-Coleman must show that her attorney's advice not to appeal was unreasonable.

Mr. Macchione filed an appeal, but voluntarily dismissed it on advice of counsel when the government appealed on the sentencing grouping issue, so I have already had occasion to consider whether the advice of counsel not to appeal in light of the threat of a higher sentence on remand was reasonable. *See Macchione v. United States*, 205 F. Supp. 2d 888, 892-94 (N.D. Ill. 2002).

At sentencing, I concurred with the recommendations of the PSI, in which the probation officer recommended grouping the tax evasion counts, under U.S.S.G. § 2T1.1, and the mail fraud count, under U.S.S.G. § 2F1.1, pursuant to U.S.S.G. § 3D1.2(c). At the

time of Ms. McCormick-Coleman's sentencing, there was a split of authority on the propriety of grouping tax evasion and mail fraud counts under U.S.S.G. § 3D1.2, which provides for grouping of "[a]ll counts involving substantially the same harm." The PSI recommended grouping the tax and fraud offenses under § 3D1.2(c) because the fraud count served as a specific offense characteristic in the guideline applicable to the tax evasion counts. The Seventh Circuit had not addressed the grouping of tax evasion and fraud offenses under § 3D1.2(c), although it had expressed disapproval of grouping under § 3D1.2(a), see United States v. Johnson, 117 F.3d 1010, 1014 (7th Cir. 1997) ("[T]he primary victims were different in the two cases. . . . Mail fraud and tax evasion would seem in most cases to involve different harms . . . ."), and § 3D1.2(d), see United States v. Dantuma, 165 F.3d 33, 1998 WL 567939, at *5 (7th Cir. Aug. 18, 1998) (unpublished order) ("While it is true that [defendant's] bankruptcy [fraud] and tax [evasion] counts are of the same general type because the offense level for each 'is determined largely on the basis of the total amount of the loss,' [defendant's] offenses do not 'otherwise meet the criteria for grouping'" because they "involve different victims."). Although there was no clear Seventh Circuit authority, two other circuits had specifically rejected grouping of mail fraud and tax evasion counts under § 3D1.2(c) on the grounds that it effectively eliminates any punishment for tax evasion. See United States v.

9

*Vitale*, 159 F.3d 810, 814 (3d Cir. 1998); *Weinberger v. United States*, 268 F.3d 346, 354-55 (6th Cir. 2001). *See also United States v. Morris*, 229 F.3d 1145, 2000 WL 1260162, at *1 (4th Cir. Sept. 6, 2000) (unpublished order) (citing *Vitale*). One court in this district had rejected the Third Circuit approach and followed the Sentencing Commission's recommendation that tax evasion always be grouped with the underlying offense. *See United States v. McCandless*, NO. 90 CR 87-15, 1992 WL 332304, at *3 (N.D. Ill. Nov. 6, 1992) (Williams, J).

As I concluded in *Macchione*, "[t]here is at least room for reasonable minds to differ on the propriety of grouping the tax evasion and mail fraud counts, so advising that the government had a good chance of winning [a] cross-appeal, even if erroneous (and I do not decide here that it was), was not unreasonable in light of case law in this or other circuits." 205 F. Supp. 2d at 894. It is not deficient performance to decide not to appeal where there is a "threat of a sentence-enhancing remand that might make the risks of an appeal outweigh its potential benefits." *Howard v. Gramley*, 225 F.3d 784, 791 (7th Cir. 2000). These considerations were communicated to Ms. McCormick-Coleman by Mr. Carlson, and Ms. McCormick-Coleman agreed that it was not worth pursuing an appeal. Because there is evidence that this was a considered, strategic decision, the advice not to appeal was not deficient performance, *see Hall v. Washington*, 106 F.3d 742, 749 (7th Cir. 1997) (holding

that "legitimate, strategic decision-making" is not deficient performance), so I need not determine whether Ms. McCormick-Coleman was prejudiced in order to conclude that she cannot demonstrate ineffective assistance of counsel. Because she offers no other cause for her failure to appeal, she cannot excuse her procedural default of her claims 1 through 3.

III.

As Ms. McCormick-Coleman's waiver of her ineffective assistance of counsel claim is excused, I will now address the merits of that claim. § 2255 review of ineffective assistance of counsel claims is governed by the two-pronged test outlined in *Strickland v. Washington*, 466 U.S. 668 (1984). Under this test,

> to show that he received ineffective assistance, a convicted defendant must demonstrate that: (1) counsel's representation fell below an objective standard of reasonableness and (2) there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different.

*Id.* at 687-88. This test is to be applied in a highly deferential manner; the defendant must overcome the reviewing court's strong presumption that his attorney's actions fall somewhere within the wide range of reasonable trial strategy. *Id.*

at 689. None of the alleged errors Ms. McCormick-Coleman points to meet this test.

Ms. McCormick-Coleman's first claim is that her counsel erred in failing to object to the participation of a biased juror. However, the question of that juror's possible impact on the fairness of the trial was addressed in the hearing following the defendant's motion for a new trial and resolved in my order denying the motion. *See* Minute Order of 11/21/01. As this juror's ultimate inclusion did not impair the trial's fairness, defense counsel's failure to object to his impanelment cannot meet the prejudice prong of the *Strickland* test.

Ms. McCormick-Coleman also complains that her attorney erred in failing to call important witnesses in her defense, including her business advisor, Carey Cosentino, her sister Jennifer, and a tax expert. "A lawyer's decision to call or not to call a witness is a strategic decision generally not subject to review." *U.S. v. Williams*, 106 F.3d 1362, 1367. None of these uncalled witnesses was so obviously crucial to Ms. McCormick-Coleman's defense that failure to call them rendered her counsel's performance constitutionally deficient. Ms. McCormick-Coleman states that Mr. Cosentino was a crucial witness because she retained him for advice on proper legal practices. However, she does not say what testimony Mr. Cosentino would have offered, and thus I can hardly conclude that defense counsel was objectively unreasonable in choosing not

12

to offer this testimony, as required by the performance prong of the *Strickland* test. The decision not to call Ms. McCormick-Coleman's sister was likewise a reasonable trial strategy, "because family members can be easily impeached for bias." *Bergmann v. McCaughtry*, 65 F.3d 1372, 1380 (7th Cir. 1995). Finally, defense counsel's failure to call a tax expert to demonstrate "details and evidence" regarding Ms. McCormick-Coleman's accounting practices is not objectively unreasonable. In her brief, Ms. McCormick-Coleman does not offer any reasons why the testimony of a tax expert was so obviously necessary to her defense that the usual deference to her attorney's decision is inappropriate in this instance.

Ms. McCormick-Coleman has recanted her accusation that her counsel failed to object to the "ostrich instruction," so her final remaining complaint is that her counsel failed to file objections to the pre-sentencing report. This argument is factually incorrect; counsel for Ms. McCormick-Coleman did in fact file objections to the PSI, copies of which the government has submitted with its brief.

IV.

Ms. McCormick-Coleman has not shown error and prejudice on the part of her trial counsel sufficient to sustain a claim for ineffective assistance of counsel. Her other claims are

13

procedurally waived. The motion to vacate, set aside, or correct sentence is DENIED.

ENTER ORDER:

*Elaine E. Bucklo* (signature)

**Elaine E. Bucklo**
United States District Judge

Dated: October 15, 2002